UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) ) No. 23-cr-10062-RGS |
| LILIAN GIANG | ) ) |
| Defendant | ) ) |

GOVERNMENT'S SENTENCING MEMORANDUM

Ms. Giang ran a temporary employment agency ("Able Temp Agency") and designed its payroll system to defraud both the Internal Revenue Service ("IRS") and her workers' compensation insurance company ("Travelers Insurance"). The Court observed the scope of Ms. Giang's conduct at trial and that conduct is also summarized in the Presentence Investigation Report ("PSR"). In short, over the course of *more than four years*, in addition to her check payroll system, Ms. Giang had a secret cash payroll of *more than $3.2 million* facilitated through *more than 750 separate cash withdrawals* at various banks. Ms. Giang then hid those cash payments from both the IRS and Travelers Insurance so that she could enrich herself. The resulting tax loss was $814,800 and the loss to Travelers Insurance was at least $30,582. Ms. Giang has never accepted responsibility for her crimes, and instead provided false sworn testimony at trial in a failed attempt to blame everyone else, including her tax preparer, her employees, and her daughter.

This level of brazen tax avoidance and failure to accept responsibility requires a significant sentence. For her conduct, the government recommends 24 months of incarceration and 24 months of supervised release. The Court should also order restitution to the IRS and Travelers Insurance, respectively. The government does not recommend a fine based on the substantial amounts that Ms. Giang will owe in restitution and her likely inability to pay a fine.

I.     *Guidelines Calculation*

Ms. Giang was charged in an Indictment and convicted at trial for failure to collect or pay over taxes, in violation of Title 26, United States Code, Section 7202 (Counts 1-4), and mail fraud, in violation of Title 18, United States Code, Section 1341 (Count 5). The government, defense, and U.S. Probation agree that the defendant's total "Offense Level" under the Guidelines is 18. The resulting Guidelines Sentencing Range is 27 months to 33 months of incarceration and one to three years of supervised release. The restitution amounts are $814,800 to the IRS and $30,582 to Travelers Insurance and the Court may also order a fine of $10,000 to $100,000.

II.    *Sentencing Recommendation*

For the reasons set forth below, the government recommends a sentence of 24 months of imprisonment, 24 months of supervised release, and the applicable orders of restitution.

A. *The Nature and Circumstances of the Offense, Promoting Respect for the Law, and the Need for General Deterrence*

Ms. Giang concealed her true payroll for years at the expense of taxpayers and to the detriment of the government. Noncompliance with federal tax laws results in billions in lost tax revenue every year. *See, e.g.*, IRS Report, *Federal Tax Compliance Research: Tax Gap Estimates for Tax Years 2014-2016* at 7 ($428 billion in lost tax revenue lost between 2014 and 2016), available at https://www.irs.gov/pub/irs-pdf/p1415.pdf. As demonstrated by these hundreds of billions in losses, violations of federal tax laws have serious, detrimental consequences to the United States and its taxpayers. *See, e.g.*, IRS Report, *The Tax Gap* ("[I]mproving taxpayer compliance is important because small declines in compliance cost the nation billions of dollars in lost revenue and shift the tax burden away from those who don't pay their taxes onto those who pay their fair share on time every year."), available at https://www.irs.gov/newsroom/the-tax-gap.

Ms. Giang's conduct was also harmful to her employees. Many of Ms. Giang's employees were, like her, immigrants. But unlike Ms. Giang, her employees did not have a multi-million-dollar business and had little leverage to request payments from Ms. Giang by check. Ms. Giang took advantage of this situation by paying many of her employees in cash so that she could enrich herself. This caused harm to her employees because those employees (1) were paid less than minimum wage when paid in cash, and (2) did not receive credit from the government for the money that should have been paid in employment taxes (*e.g.*, paying into social security).

The Court must fashion a sentence for Ms. Giang that deters others from committing similar crimes. *United States v. Prosperi*, 686 F.3d 32, 47 (1st Cir. 2012) ("We have previously emphasized the importance of general deterrence in white-collar crime."). The need for general deterrence of tax avoidance schemes is simple: "[b]ecause economic and fraud-based crimes are 'more rational, cool, and calculated than sudden crimes of passion or opportunity' these crimes are 'prime candidates for general deterrence.'" *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (quoting Stephanos Bibas, *White–Collar Plea Bargaining and Sentencing After Booker,* 47 Wm. & Mary L.Rev. 721, 724 (2005)). And general deterrence is particularly important in this case given the duration of the scheme, the amount of money involved, and the number of businesses and employees with whom Ms. Giang engaged to commit these crimes. A failure to sentence Ms. Giang to a substantial period of incarceration would send a terrible message to the American taxpayer and all the individuals Ms. Giang involved in her scheme.

B. *The Need to Avoid Unwarranted Sentencing Disparities*

In addition to general deterrence, a sentence of 24 months would avoid unwarranted disparities among defendants in similar cases. The PSR identifies other sentences ordered in the last four fiscal years (2019-2023) where the defendants—like Ms. Giang—had a primary guideline under USSG § 2T1.1, an Offense Level of 18, and a Criminal History Category of I. All those

3

defendants were sentenced to imprisonment and the average sentence imposed was 21 months. The government is recommending a sentence of 24 months in this case—three months above the average—because of Ms. Giang's particular offense conduct and the false statements she made at trial.

Defendants in the District of Massachusetts have been subject to similar sentences. For example, in *United States v. Kane*, 17-cr-10258-DPW, the Court ordered a sentence of 24 months of incarceration and three years of supervised release for an owner of a temporary employment agency who pled guilty to failing to pay taxes and defrauding a workers' compensation insurance company by hiding $4.3 million in payroll. Ms. Giang also hid millions in cash payroll and defrauded her workers' compensation employment company. While the hidden cash payroll in *Kane* was larger than Ms. Giang's ($4.3 million instead of Ms. Giang's $3.2 million), unlike in *Kane*, Ms. Giang has never accepted responsibility and instead provided false testimony at trial. The Court should therefore sentence Ms. Giang to a similar sentence to that imposed in *Kane.*

### III.   Conclusion

For the reasons herein, the Court should order the following sentence: 24 months of incarceration, 24 months of supervised release, restitution to the IRS in the amount of $814,800, and restitution to Travelers Insurance in the amount of $30,582.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:   /s/ Christopher J. Markham
CHRISTOPHER J. MARKH-AM
Assistant U.S. Attorneys

Dated: August 16, 2024

## CERTIFICATE OF SERVICE

I, Christopher J. Markham, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

By: */s/ Christopher J. Markham*
CHRISTOPHER J. MARKHAM
Assistant U.S. Attorney